UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT DEAN CULP, | CASE NO.: C08-0714-JCC |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| BRUNO STOLC, | |
| Respondent. | |

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a Washington State prisoner who is currently incarcerated at the Saguaro Correctional Center in Eloy, Arizona. He seeks relief under 28 U.S.C. § 2254 from his 2002 King County Superior Court convictions. Respondent has filed a motion to dismiss petitioner's petition as untimely under 28 U.S.C. § 2244(d). The Court, having reviewed petitioner's petition, respondent's motion, and the balance of the record, concludes that petitioner's federal habeas petition should be dismissed, with prejudice, as untimely under 28 U.S.C. § 2244(d).

## PROCEDURAL HISTORY

On October 8, 2002, petitioner was found guilty, following a bench trial, of one count of rape in the first degree - domestic violence, one count of unlawful imprisonment - domestic violence, one count of assault in the third degree - domestic violence, and one count of felony

REPORT AND RECOMMENDATION
PAGE -1

harassment - domestic violence. (Dkt. No. 10, Ex. 1.) Petitioner was sentenced on November 15, 2002. (*Id*.) The sentencing court imposed a minimum term of 277 months confinement and a maximum term of life on the rape charge. (*Id*.) The court imposed terms of 16 months confinement on each of the three remaining charges and ordered that the sentences for all four counts run concurrently. (*Id*.)

Petitioner appealed his judgment and sentence to the Washington Court of Appeals. (*Id*., Ex. 2.) On July 6, 2004, the Court of Appeals issued an unpublished opinion in which it vacated petitioner's judgment and sentence and remanded the matter to the trial court for entry of new findings of fact and conclusions of law, and for entry of a new judgment based on those findings and conclusions. (*Id*., Ex. 8.) On October 28, 2004, the Court of Appeals issued its mandate on petitioner's direct appeal. (*Id*., Ex. 9.)

On January 3, 2005, the trial court issued supplemental findings of fact and conclusions of law pursuant to the order of the Court of Appeals. (*Id*., Ex. 10.) Petitioner was re-sentenced on the same date, and petitioner's new judgment and sentence was entered on the docket of the King County Superior Court on January 31, 2005. (*See id*., Ex. 11 at 5.) Petitioner again appealed his judgment and sentence to the Washington Court of Appeals. (*Id*., Ex. 12.) On May 1, 2006, the Court of Appeals issued an unpublished opinion in which it affirmed petitioner's judgment and sentence. (*Id*., Ex. 17.) The Court of Appeals issued its mandate terminating direct review on June 23, 2006. (*Id*., Ex. 18.)

In June 2007, petitioner filed a personal restraint petition in the Washington Court of Appeals. (*Id*., Ex. 19.) On July 17, 2007, the Court of Appeals issued an order dismissing the petition. (*Id*., Ex. 20.) Petitioner thereafter sought discretionary review in the Washington

01 Supreme Court. (Dkt. No. 10, Ex. 21.) Petitioner's motion for discretionary review was denied

02 by the Supreme Court Commissioner on January 2, 2008. (*Id*., Ex. 22.) Petitioner's subsequent

03 motion to modify the Commissioner's ruling was also denied. (*Id*., Exs. 23 and 24.) A certificate

04 of finality was issued in petitioner's personal restraint proceedings on April 18, 2008. (*Id*., Ex.

05 25.)

06 Petitioner now seeks federal habeas review of his state court convictions. Petitioner signed

07 his federal habeas petition on April 28, 2008, and the petition was received by the Court for filing

08 on May 6, 2008.

## DISCUSSION

10 On April 24, 1996, the President signed into law the Antiterrorism and Effective Death

11 Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, Sec. 105 (1996), which

12 worked substantial changes in the law of federal post-conviction relief. One of those changes was

13 to adopt a one year statute of limitations for § 2254 actions. *See* 28 U.S.C. § 2244(d)(1) (1996).

14 The one year limitations period starts to run from the date of the conclusion of direct review or

15 "the expiration of the time for seeking such [direct] review," whichever is longer. 28 U.S.C. §

16 2244(d)(1)(A).

17 In this case, petitioner filed a direct appeal of his judgment and sentence with the

18 Washington Court of Appeals, but it does not appear that he sought discretionary review of the

19 Court of Appeals' decision in the Washington Supreme Court. The Court of Appeals issued its

20 opinion on May 1, 2006. Petitioner had 30 days after that decision was filed to file a petition for

21 review in the Washington Supreme Court. *See* Rule 13.4, Washington Rules of Appellate

22 Procedure. Because petitioner did not file a petition for review, his conviction became final on

or about June 1, 2006. 28 U.S.C. § 2244(d)(1)(A). Petitioner therefore had until on or about June 1, 2007, to file his federal habeas petition.

The one year limitations period is tolled for any "properly filed" collateral state challenge to the state conviction. 28 U.S.C. § 2244(d)(2). Petitioner filed a personal restraint petition in the Court of Appeals in June 2007. The record reflects that petitioner signed his petition on June 11, 2007. (*See* Dkt. No. 10, Ex. 19 at 6.) Respondent represents to the Court that the petition was actually filed on June 22, 2007, though nothing in the record before this Court confirms any such filing date. Regardless, it is clear that petitioner did not initiate his personal restraint proceedings until after the statute of limitations had already expired. Petitioner's personal restraint proceedings in the state courts therefore did not act to toll the statue of limitations. *See Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999).

The statute of limitations is also subject to equitable tolling. *Calderon v. United States District Court (Beeler),* 128 F.3d 1283, 1288 (9th Cir. 1997)*, overruled in part on other grounds by, Calderon v. United States District Court (Kelly)* , 163 F.3d 530 (9th Cir. 1998)(en banc). However, the Ninth Circuit has made clear that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon*, 128 F.3d at 1288 (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1997)). Petitioner does not argue that he is entitled to equitable tolling of the federal statute of limitations.

As noted above, petitioner did not sign his federal habeas petition until April 28, 2008, over a year after the statute of limitations expired on June 1, 2007. Because petitioner filed his petition outside of the § 2254 statute of limitations period, and because petitioner has not

REPORT AND RECOMMENDATION
PAGE -4

01 | demonstrated that he is entitled to either statutory or equitable tolling of the limitations period, his
02 | petition is time-barred.

## CONCLUSION

Based upon the foregoing, this Court recommends that respondent's motion to dismiss be granted and that petitioner's federal habeas petition be dismissed, with prejudice, pursuant to 28 U.S.C. § 2244(d). A proposed order accompanies this Report and Recommendation.

DATED this 3rd day of September, 2008.

Mary Alice Theiler
United States Magistrate Judge