UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| SCOTT DEAN CULP, | ) | CASE NO.: C08-0714-JCC-MAT |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR STAY AND |
| BRUNO STOLC, | ) | ABEYANCE |
| | ) | |
| Respondent. | ) | |
| | ) | |

This is a federal habeas action brought under 28 U.S.C. § 2254. Currently pending before the Court is petitioner's motion for stay and abeyance. Petitioner argues in his motion that these proceedings should be stayed while he exhausts his unexhausted claims. Petitioner indicates in his motion that he is attempting to exhaust his claims by way of a personal restraint petition which is currently pending in the state courts. Respondent opposes petitioner's motion for stay and abeyance.

A district court, on federal habeas review, has discretion to stay a mixed petition to allow a petitioner to return to state court to present his unexhausted claims. *Rhines v. Weber*, 544 U.S. 269 (2005). However, the Supreme Court made clear in *Rhines* that the stay and abeyance procedure should be invoked only in very limited circumstances. *Rhines*, 544 U.S. at 277. The Supreme Court identified the following circumstances which would warrant a stay: (1) the petitioner has good cause for his failure to exhaust; (2) the unexhausted claims are potentially

ORDER DENYING PETITIONER'S
MOTION FOR STAY AND ABEYANCE
PAGE -1

meritorious; and, (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278.

The record before this Court fails to make clear that the requested stay is either necessary or appropriate. First, while petitioner indicates that he currently has a personal restraint petition pending in the state courts, respondent has provided documentation demonstrating that petitioner has filed two personal restraint petitions in the state courts related to the conviction under attack in these proceedings and that both of those petitions have been resolved. Second, petitioner indicates in his federal habeas petition that he presented each of his federal habeas claims to the state courts in a personal restraint petition which was filed in the Washington Court of Appeals in June 2007. That petition was dismissed by the Court of Appeals on July 17, 2007, and petitioner's subsequent motion for discretionary review was denied by the Washington Supreme Court on January 2, 2008. A certificate of finality was issued in those proceedings on April 18, 2008.

If petitioner is now of the belief that he has not, in fact, properly exhausted the claims asserted in federal habeas petition, exhaustion could only be accomplished by returning again to the state courts. As respondent correctly points out in his response to petitioner's motion, if petitioner were to attempt to file a third personal restraint petition, the state courts would likely find any such petition to be time-barred under RCW 10.73.090, and/or procedurally barred as either successive or abusive under RCW 10.73.140.

As it does not appear from the record that petitioner is currently attempting to exhaust any claims in the state courts, and as it further appears that any future attempt to exhaust any unexhausted claims would be futile, petitioner's motion for stay and abeyance (Dkt. No. 15) is

DENIED.

The Clerk is directed to send copies of this Order to petitioner, to counsel for respondent, and to the Honorable John C. Coughenour.

DATED this 20th day of October, 2008.

*/s/ Mary Alice Theiler*
Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING PETITIONER'S
MOTION FOR STAY AND ABEYANCE
PAGE -3